**Gregory Kafoury, OSB #741663**
Kafoury@kafourymcdougal.com
**Mark McDougal, OSB #890869**
mcdougal@kafourymcdougal.com.
**Jason Kafoury, OSB #091200**
jkafoury@kafourymcdougal.com.
KAFOURY & MCDOUGAL
411 SW Second Avenue, Suite 200
Portland, Oregon 97204
Phone:  503-224-2647
Fax:  503-224-2673
        Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## MEDFORD DIVISION

| | |
|---|---|
| **APRIL FONSECA, aka APRIL EHRLICH, an individual,** | Case No. |
| Plaintiff, | **COMPLAINT** |
| vs. | **VIOLATION OF RIGHTS TO PERSON UNDER 42 USC § 1983** |
| **CITY OF MEDFORD, an Oregon municipal corporation, and JACKSON COUNTY, a subdivision of the State of Oregon, SCOTT CLAUSON, an individual, BRIAN SJOTHUN, an individual, JAMES BARRINGER, an individual, STEVEN FURST, an individual, MICHAEL TODD, an individual, GEOFFREY KIRKPATRICK, an individual, RANDAL JEWELL, an individual, TREVOR ARNOLD, an individual, and ANNA STOKES, an individual,** | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff demands a jury trial and alleges:

## INTRODUCTION

1.

April Fonseca, an award-winning journalist, was arrested and charged with trespass and resisting arrest while she was reporting on police clearance of an encampment in Hawthorne

Park in Medford, Oregon. Plaintiff claims compensatory and punitive damages and attorney fees under 42 USC § 1983 for violations of her rights, including but not limited to rights under the First, Fourth, and Fourteenth Amendments, and under Oregon common law for false arrest and battery.

**JURISDICTION**

2.

Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and is pursuant to claims brought under 42 U.S.C. § 1983.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  Plaintiff's state law claims are so closely related to her federal law claims that they are part of the same case or controversy under Article III of the United States Constitution. Plaintiff served all required Tort Claim Notices under Oregon law within 180 days after the events described herein.

**PARTIES**

3.

Plaintiff April Fonseca is an award-winning journalist who publishes under her professional name, April Ehrlich.  At all times mentioned herein, she worked as a reporter for Jefferson Public Radio, based in Ashland, Oregon. Plaintiff has worked as a professional journalist in the Northwest since 2014, covering *inter alia* housing, city government, and the oil and gas industries. She was Vice President of the Board of the Oregon Chapter of the Society of Professional Journalists at the time of the events described herein and continues to serve on the Board. She has won numerous awards for her reporting, including first place awards for COVID 19 Features, Best Series, and News Features from the Public Media Journalists Association, regional Edward R. Murrow awards for hard news and continuing series, a national Edward R. Murrow award for Best News Series, and a first-place award for social equity reporting from the Society of Professional Journalists NW Region. She is now the weekend news editor for Oregon Public Broadcasting in Portland, Oregon.

4.

At all times mentioned herein, Scott Clauson, James Barringer, Steven Furst, Michael Todd, Geoffrey Kirkpatrick, Randal Jewell, and Trevor Arnold were police officers in the City of Medford, Oregon, police department, acting under color of law and within the scope of their employment. Defendant Police Sergeant Kirkpatrick, at all times mentioned herein, was the sergeant in charge of the Medford City Police Department livability section, in command of, among others, Defendant Randal Jewell.

5.

At all times mentioned herein Brian Sjothun was the City Manager of the City of Medford, acting under color of law and within the scope of his employment.

6.

The City of Medford is a municipal corporation within the State of Oregon.

7.

At all times mentioned herein, Probation Officer Anna Stokes was a Jackson County probation officer acting under color of law and within the scope of her employment.

8.

Jackson County is a subdivision of the State of Oregon.

9.

On Friday, September 18, 2020, then Medford Police Chief Scott Clauson (hereinafter "Clauson") sent an email to City Manager Brian Sjothun (hereinafter "Sjothun") and other Medford city officials regarding "the plan to clean up Hawthorne Park Monday [September 21, 2020] morning starting at 8 a.m." The email began with a warning that the plan "is not for public or media dissemination."

10.

Also on Friday, September 18, 2020, Defendant Sjothun sent an e-mail to Defendant Clauson and other Medford city officials stating, "Pursuant to City Charter section 18(3)(e), I hereby order Hawthorne Park to be closed for 48 hours commencing at 8:00 a.m. on September 21, 2020. I may extend the closure if circumstances so demand, and I delegate authority to

extend that closure to the Chief of Police or the Parks, Recreation and Facilities director (or employees acting in those capacities) if circumstances so demand." In the same email, Sjothun wrote that, "I plan on notifying the Mayor and City Council of this decision on Monday morning."

11.

The Medford City Police Department issued an "Operation Plan," dated September 18, 2020, for "Hawthorne Park Encampment Removal." The operation plan named Defendant Police Corporal Jewell as Event Supervisor and Defendant Police Lieutenant Arnold as Incident Commander.

12.

On the morning of September 22, 2020, Medford City police and Jackson County probation officers announced Hawthorne Park was closed but allowed not only campers but also volunteers and others to remain throughout the morning. Police and/or probation officers stated that while people were permitted in the park to remove possessions or help others, people were not permitted in the park to document or observe events. No exception was made for journalists. Instead, police officers designated an area, near the noisy I-5 overpass on a busy street, outside one end of the approximately 20-acre park, filled with trees and structures, to confine journalists and other observers. Journalists could not see, let alone hear, all the activities within the park.

13.

On the morning of September 22, 2020, Plaintiff entered Hawthorne Park to report on activities in the park. She displayed her press badge and carried clearly visible audio recording equipment while observing and documenting law enforcement activity and interactions with campers and others.

14.

On the morning of September 22, 2020, Defendant Police Officer Kirkpatrick was present in the park in his role as Livability Section Sergeant, Defendant Corporal Jewell was in the park in his role as Event Supervisor, and Defendant Police Lieutenant Arnold was in and around the park as Incident Commander.

15.

Police and/or probation officers told Plaintiff the park was closed and she was not permitted in the park. Defendant Police Sergeant Furst then approached Plaintiff as she was documenting events in the park and told Plaintiff she was trespassing and had to leave the park.

16.

Furst then and there grabbed Plaintiff's right wrist and told her she was under arrest. He then grabbed her right elbow while Stokes grabbed Plaintiff's left arm and kicked at her feet. Defendant Police Officer Todd grabbed Plaintiff's left arm and forced it behind her back, and Defendant Police Officer Barringer grabbed her right arm and forced it behind her back. These Defendants handcuffed Plaintiff while she repeatedly identified herself as a reporter and stated she was in the park to do her job. Defendants then forcibly removed her from Hawthorne Park.

17.

After the arrest, Barringer and Todd searched Plaintiff's belongings, including her reporting equipment, and confiscated her reporting equipment.  Plaintiff was charged with Trespass, Resisting Arrest, and Interfering with an Officer.  The City of Medford later dismissed the charge of Interfering with an Officer. The Medford Municipal Court later dismissed the Trespassing charge, after which the City of Medford dismissed the remaining charge of Resisting Arrest.

18.

As a result of Defendants' actions, Plaintiff could not perform her job as a journalist that day, nor could she continue to cover the Hawthorne Park clearance and its aftermath.

**FIRST CLAIM FOR RELIEF – 42 U.S.C. § 1983 –**
**First and Fourteenth Amendments to the U.S. Constitution –**
**Freedom of Press and Freedom of Speech**
**Against All Defendants Except the City of Medford and Jackson County**

19.

Plaintiff re-alleges all preceding paragraphs and the facts and allegations therein.

20.

42 U.S.C. § 1983 provides that a party shall be liable when it "subjects, or causes to be subjected, any person of the United States ... deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States."

21.

Defendants' arrest and removal of Plaintiff from Hawthorne Park deprived her of the ability to do her job as a journalist, in violation of her First and Fourteenth Amendment rights.

**SECOND CLAIM FOR RELIEF– 42 U.S.C. § 1983 –**
**First and Fourteenth Amendments to the U.S. Constitution –**
**Freedom of Press and Freedom of Speech**
**Against Defendant City of Medford—*Monell* claim**

22.

Plaintiff re-alleges all preceding paragraphs and the facts and allegations therein.

23.

Defendant City of Medford violated Plaintiff's rights by creating and implementing a policy that prevented her from observing and reporting on the events in Hawthorne Park on September 22, 2020, activities protected by the First and Fourteenth Amendments to the United States Constitution.  Without conceding that any restrictions would have been constitutional, Defendant also failed to narrowly tailor any restrictions on journalists observing and reporting on police activity and interaction with people in Hawthorne Park on September 22, 2020. The "media staging area" did not permit journalists to observe and document government activity in Hawthorne Park.

**THIRD CLAIM FOR RELIEF – 42 U.S.C. § 1983**
**First and Fourteenth Amendments to the U.S. Constitution**
**Freedom of Press and Freedom of Speech**
**Supervisory Liability against Defendants City of Medford, Clauson, Sjothun, Kirkpatrick,**
**Arnold, and Jewell**

24.

Plaintiff re-alleges all preceding paragraphs and the facts and allegations therein.

25.

Defendants City of Medford, Clauson, Sjothun, Kirkpatrick, Arnold, and Jewell violated Plaintiff's rights by failing to properly train, supervise and control officers implementing the aforementioned policy, conduct showing a reckless or callous indifference to Plaintiff's rights. Defendants thereby set in motion a series of acts by others which Defendants knew or reasonably should have known would cause others to inflict constitutional harms.

26.

This failure to train, supervise and control officers implementing this policy led to the wrongful arrest of Plaintiff, violating her constitutionally protected rights to observe and report on the events in Hawthorne Park on September 22, 2020.

### FOURTH CLAIM FOR RELIEF – 42 U.S.C. § 1983 – Fourth and Fourteenth Amendments to the U.S. Constitution – Unlawful Search and Seizure Against All Defendants Except the City of Medford and Jackson County

27.

Plaintiff re-alleges and incorporates by reference all preceding paragraphs and the facts and allegations therein.

28.

42 U.S.C. § 1983 provides that a party shall be liable when it "subjects, or causes to be subjected, any person of the United States ... deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States."

29.

Defendants violated Plaintiff's right to be free from unreasonable searches and seizures, guaranteed by the Fourth and Fourteenth Amendment to the United States Constitution, by unlawfully arresting Plaintiff and unlawfully searching her person and her possessions.

**FIFTH CLAIM FOR RELIEF –42 U.S.C. § 1983 –**
**Fourth and Fourteenth Amendments to the U.S. Constitution –**
**Unlawful Search and Seizure against City of Medford—*Monell* claim**

30.

Plaintiff re-alleges and incorporates by reference all preceding paragraphs and the facts and allegations therein.

31.

Defendants created and implemented a policy that purported to block all reporters from entering a public park to observe and report on government activities. These unlawful actions resulted in Defendants' unlawful arrest and search of Plaintiff, in violation of her right to be free from unreasonable searches and seizures, guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

**SIXTH CLAIM FOR RELIEF – 42 U.S.C. § 1983**
**Fourth and Fourteenth Amendments to the U.S. Constitution**
**Unlawful Search and Seizure-Supervisory Liability against Defendants City of Medford,**
**Clauson, Sjothun, Kirkpatrick, Jewell, and Arnold**

32.

Plaintiff re-alleges all preceding paragraphs and the facts and allegations therein.

33.

Defendants City of Medford, Clauson, Sjothun, Kirkpatrick, Arnold, and Jewell violated Plaintiff's rights by failing to properly train, supervise and control officers implementing this policy, conduct showing a reckless or callous indifference to Plaintiff's rights. Defendants thereby set in motion a series of acts by others which Defendants knew or reasonably should have known would cause others to inflict constitutional harms.

34.

This resulted in the unlawful arrest and search of Plaintiff, in violation of her right to be free from unreasonable search and seizure guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

**SEVENTH CLAIM FOR RELIEF- False Arrest**
**Against Defendants City of Medford and Jackson County**

35.

Plaintiff re-alleges and incorporates by reference all preceding paragraphs and the facts
and allegations therein.

36.

The above-described stop and arrest were intentional, Plaintiff was aware of her arrest,
and the arrest was unlawful, thus violating Oregon's common law prohibition against false
arrest.

**EIGHTH CLAIM FOR RELIEF- Battery**
**Against Defendants City of Medford and Jackson County**

37.

Plaintiff re-alleges and incorporates by reference all preceding paragraphs and the facts
and allegations therein.  During the above described stop and arrest, Plaintiff's wrists were
grabbed, her arms were forced behind her back, her feet and legs were kicked, and she was
forcibly removed from the park.

38.

The above-described contact was intentional and unlawful, thus violating Oregon's
common law prohibition against battery.

**DAMAGES**

39.

Plaintiff re-alleges and incorporates by reference all preceding paragraphs and the facts
and allegations therein.

40.

As a result of Defendants' actions, Plaintiff suffered from wrenching of her arms and
wrists, pain and alarm, and suffered, continues to suffer, and may permanently suffer from

humiliation, frustration, anger, and a sense of personal violation, all to her noneconomic damages in an amount to be determined by the jury.

41.

The Defendants' conduct toward Plaintiff demonstrated a wanton, reckless or callous indifference to the constitutional rights of Plaintiff. The jury should be allowed to consider punitive damages to deter this conduct and similar conduct by the defendants and others similarly situated in the future.

42.

WHEREFORE, Plaintiff prays for judgment against all defendants in amounts to be determined by the jury, and for her costs, expenses, and reasonable attorney fees incurred herein.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a Jury Trial on all questions so triable.

DATED:  September 20, 2022

/s/ *Jason Kafoury*
_____

Gregory Kafoury, OSB #741663
Kafoury@kafourymcdougal.com
Mark McDougal, OSB #890869
mcdougal@kafourymcdougal.com
Jason Kafoury, OSB #091200
jkafoury@kafourymcdougal.com
Kafoury & McDougal
411 SW Second Avenue, Ste. 200
Portland, Oregon 97204
Phone: 503-224-2647
Fax:  503-224-2673