IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

APRIL FONSECA,

    Plaintiff,

v.

CITY OF MEDFORD et al.,

    Defendants.

Case No. 1:22-cv-01416-CL

**OPINION AND ORDER**

**CLARKE**, Magistrate Judge.

Plaintiff, a journalist with Jefferson Public Radio, brings this action against Defendants for claims arising out of her arrest while reporting on the police clearance of an encampment in Hawthorne Park. Before the Court is Defendants' Motion for Summary Judgment, ECF No. 65. The Court held oral argument on December 4, 2024. For the reasons below, the Motion is DENIED.

At the crux of Defendants' argument is the notion that Plaintiff did not have a First Amendment right to information gathering. Thus, without a constitutionally protected right at issue, there could not be a constitutional violation. Defendants are incorrect. Plaintiff had a First Amendment right to observe and record, just as she had a right to publish information. *See Anderson v. City of Hermosa Beach*, 621 F.3d 1051, 1061-62 (9th Cir. 2010) (holding that

Page 1 – ORDER

process of creating pure speech is entitled to the same First Amendment protection as the product of that process).

Because Plaintiff's actions were protected by the First Amendment, Defendants "bear ... the burden of proving the constitutionality of [their] actions." *U.S. v. Playboy Entertainment Group Inc.*, 529 US 803, 816 (2000). Content-neutral restrictions on First Amendment protected activity in a public forum must be narrowly tailored to serve a significant government interest and leave open ample alternative channels for communication, sometimes known as the "reasonable time, place, and manner" test. *Askins v. Dep't of Homeland Sec.*, 899 F.3d 1035, 1044 (9th Cir. 2018). To apply this standard there are underlying factual disputes that only a jury can resolve. Thus, summary judgment must be denied as to all claims resting on the underlying issue of constitutionally protected rights.

Additionally, the Court finds sufficient issues of fact regarding the personal liability and state law battery and false arrest claims such that they must be resolved by a jury, and summary judgment must be denied.

Therefore, Defendants' Motion for Summary Judgement, ECF No. 65, is DENIED. The Court will docket a more detailed opinion and order before trial currently scheduled to begin February 24, 2025.

IT IS SO ORDERED and DATED this 16 day of January, 2025.

MARK D. CLARKE
United States Magistrate Judge